J-S01009-20
J-S01010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ATWOOD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 224 EDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0824001-1993,
CP-51-CR-0824211-1993

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ATWOOD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 225 EDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0824001-1993,
CP-51-CR-0824211-1993

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY BOWES, J.:                    **FILED AUGUST 12, 2020**

Atwood Williams appeals from the order that dismissed his petition filed

pursuant to the Post Conviction Relief Act ("PCRA") in both of the above-

captioned cases.  The notice of appeal for each case includes both docket

_____

[*] Retired Senior Judge assigned to the Superior Court.

numbers, which a three-judge panel of this Court had determined was a violation of our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that appellants are required to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket). ***See Commonwealth v. Creese***, 216 A.3d 1142, 1143 (Pa.Super. 2019). However, on July 9, 2020, this Court sitting *en banc* held that, where an appellant files notices of appeal separately at each implicated docket number, the mandates of ***Walker*** have been satisfied regardless of the inclusion of additional docket numbers on each notice. ***See Commonwealth v. Johnson***, ___ A.3d ___, 2020 PA Super 164 (Pa.Super. July 9, 2020) (*en banc*).

The record before us indicates that the instant appeals comply with ***Walker*** as interpreted by ***Johnson***. Appellant did in fact separately file two notices of appeal, one at each case's docket. ***See*** Appellant's Response to Rule to Show Cause, 9/16/19, at ¶ 4 (explaining that the notice of appeal was separately docketed for each case number and that the notices bear different time stamps). Accordingly, the number of docket numbers listed on the notices of appeal provide no basis to quash these appeals, which we instead hereby consolidate pursuant to Pa.R.A.P. 513.

The PCRA court in its Pa.R.A.P. 1925(a) opinion relied upon the alleged ***Walker*** violation and offered no analysis of the issue Appellant identified in his Pa.R.A.P. 1925(b) statement. ***See*** PCRA Court Opinion, 4/17/19, at 3.

Since we have determined that we have jurisdiction to reach the merits of this appeal, we remand to the PCRA court for the preparation of a Pa.R.A.P. 1925(a) opinion explaining the reasons for its ruling within sixty days of the date of this order. Thereafter, our Prothonotary shall issue a new briefing schedule to allow the parties to address the PCRA court's opinion.

Case remanded with instructions. Panel jurisdiction retained.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/12/2020*